Munson and Sill agt. Willard.

## SUPREME COURT.

### Munson and Sill agt. Willard.

*Twenty days* is a reasonable time to be allowed for the service of a complaint, after demand under section 130 of the Code. (*The opinion in Colvin agt. Bragden, ante page* 124, *concurred in.*

*Jefferson Special Term, Dec.* 1850. This suit was commenced by summons served the 13th day of November last. On the 19th of the same month, the defendant's attorney in pursuance of sec. 130 of the Code, demanded in writing a copy of the complaint; the demand not being complied with on the 21st the papers for this motion to dismiss the complaint under section 247 were served.

J. F. STARBUCK, *for Defendant.*

T. C. CHITTENDEN, *for Plaintiff.*

HUBBARD, Justice,—The question arising on this motion is whether the plaintiff has unreasonably neglected to serve the complaint. No time is prescribed by the statute or rules of the court within which service is to be made, and hence as the practice now is, the question of reasonable diligence must be determined by the facts and circumstances of each case. To prevent the evils of uncertainty and contrariety of decisions resulting from such a practice, some general rule should be established.

Before the Code, a standing rule defined the time of service of the declaration after notice (*Rule* 14 *of the Rules of* 1847).

Munson and Sill agt. Willard.

Thirty days is there prescribed to be a reasonable time. Under the Code the summons, as the commencement of the suit, takes the place of the *capias ad respondendum,* and by analogy, thirty days would be a reasonable time for the service of the complaint. Perhaps that length of time is not requisite in ordinary cases, but where a rule of general application is established, ample time should be given to *prepare the pleading and serve in the extreme parts of the state.* In this case the parties and attorneys reside in the same place, but the requisition of the defendant that the complaint be served within *two days,* can not be sustained. Under any circumstances that short time is unreasonable, requiring a most extraordinary diligence. The present practice should be assimilated to the former as far as practicable in matters sanctioned by time and experience, and hence twenty days at least should be allowed within which to serve complaint after demand. The necessity for time is as imperative now as formerly.

This motion is made, it is alleged, upon the authority of the case of Littlefield vs. Murin (4 *Howard,* 306). There is a remark, in the opinion of that case, to the effect that perhaps under ordinary circumstances, twenty-four hours would be a reasonable time within which to serve complaint after demand. But it is to be observed that the question of diligence did not arise; the decision was upon the principle that, an omission to serve from August to December, created a presumption of abandonment of the suit. The doctrine of that case is sound; but when Justice Allen alluded incidentally to a supposed analogy with the practice under a peremptory order for a bill of particulars, he evidently from his guarded language, expressly stating that the question of diligence *did not arise;* did not anticipate that the case was to be quoted as authority requiring the complaint to be served in the short space of twenty-four hours. That case does not authorize this motion. The motion must be denied, but without costs, as the practice is unsettled.

Since the decision of this motion as above, the case of Colvin vs. Bragden (5 *How. Pr. R.* 124), has been published. Justice PAIGE decides that twenty days is a reasonable time, ordinarily,

Schoonmaker agt. The Ref. Prot. Dutch Church of the town of Kingston.

to serve complaint, after demand. In that decision I fully concur. The time is perhaps sufficient to meet all exigencies of a reasonable and convenient practice. Such a general rule would tend to restore the harmony and beauty of the former system in motions of *non pros.* like the present.          5 How. 265–FOLLOWED, 6 How. 208, 211.
                                                                                                *Contra,* 5 Id. 272.